IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TOURJOUS JACKSON, o/b/o S.M.C.,     )
                               )
      Plaintiff,             )
                               )
     v.               )    CIVIL ACTION NO. 3:08CV860-SRW
                               )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security,    )
                               )
      Defendant.          )

**MEMORANDUM OPINION and ORDER**

In this Social Security appeal, the court reversed the decision of the Commissioner and remanded for further administrative proceedings. This action is presently before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 17). The Commissioner objects to any award of fees, arguing that his position was "substantially justified." (Doc. # 19, Commissioner's response).

Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – *i.e.* when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The government bears the burden of showing that its position was substantially justified." U.S. v. Jones, 125 F.3d 1418, 1425 (11th Cir.

1997)(citation omitted); <u>see also</u> <u>U.S. v. Aisenberg</u>, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees.").

In this case, the court reversed the Commissioner's decision because the ALJ failed in his "special duty" to explore all of the relevant facts when – after the claimant's mother and grandmother provided limited hearing testimony regarding the at-home pain episodes experienced by the claimant, allegedly due to sickle cell anemia – the ALJ failed to question them further about the specific details of those episodes.[1]  These at-home pain episodes were relevant to the question of whether plaintiff's condition met, medically equaled, or functionally equaled the listing for sickle cell disease (Listing 107.05) due to vaso-occlusive crises.  <u>See</u> <u>Shinn ex rel. Shinn v. Commissioner of Social Security</u>, 391 F.3d 1276, 1282-87 (11th Cir. 2004).  The court further found that the ALJ erred by failing to articulate his reasons for finding the testimony of plaintiff's mother and grandmother to be "not entirely credible."

In opposing plaintiff's motion for fees, the Commissioner argues:

> While the Commissioner concedes that the ALJ could have done a better job questioning Plaintiff's mother and grandmother, the Commissioner asserts his position at both the administrative level and the district court was reasonable.

---

[1]  At the time of the hearing the claimant was not yet five years old. The record did not demonstrate a valid waiver of representation at the hearing by the claimant's mother. (See Memorandum Opinion, Doc. # 15, at pp. 1, 5-8). Accordingly, the ALJ had a "special duty" to "'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts' and to be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" <u>Graham v. Apfel</u>, 129 F.3d 1420, 1422-23 (11th Cir. 1997)(citations omitted).

Here, the Commissioner's position was reasonable at the administrative level because, as this court noted, the ALJ did elicit testimony about potential vaso-occlusive[] crises from Plaintiff's mother and grandmother. (Tr. 297-90, 293). Although the questioning may have been far from exhaustive, Dr. Durham, a medical expert, who was present at the hearing, testified that Plaintiff did not meet or equal a listing (Tr. 294-95).

\* \* \* \* \*

Here, the ALJ accorded significant weight to the opinion of Dr. Durham, in part because he was present at the hearing (Tr. 26), and Dr. Durham testified that Plaintiff did not meet or equal a listing (Tr. 294-95). The Commissioner asserts that it was not unreasonable for the ALJ to rely on the testimony of a medical expert – who was present at the administrative hearing for Plaintiff's mother's testimony about potential vaso-occlusive crises – to find that Plaintiff did not meet Listing 107.05 without further questioning of Plaintiff's mother and grandmother.

(Commissioner's response, Doc. # 19, pp. 4-5).

The ALJ did, indeed, accord "significant weight" to Dr. Durham's assessment. He stated, "Dr. Durham had access to the claimant's records and was present at the hearing to consider the testimony of the claimant's mother and grandmother." (R. 26). However, as the court explained in its Memorandum Opinion (Doc. # 15 at p. 11), Dr. Durham testified that "*based on the records that we have, which do not include any of what's been discussed this morning in recent months or even the recent two years for that matter, but based on the records that we have*, she does not meet or equal a listing of the Secretary." (R. 295). The Commissioner now cites this very testimony and argues that "it was not unreasonable for the ALJ to rely on the testimony of a medical expert – who was present at the administrative hearing for Plaintiff's mother's testimony about potential vaso-occlusive crises – to find that

Plaintiff did not meet Listing 107.05 without further questioning of Plaintiff's mother and grandmother." (Commissioner's response, p. 5).  The Commissioner distinguishes this case from Shinn, quoting the Shinn court's conclusion that the state agency physician's conclusions in that case were "based on woefully incomplete evidence" because they "based their conclusion solely on the 'medical evidence,' to the apparent exclusion of the testimony of Yvonne's mother as to the repeated crises that occurred for which Yvonne was not hospitalized.'" (Id., pp. 4-5).

The court cannot agree with the Commissioner's argument.  Dr. Durham's testimony that plaintiff did not meet the listing was, again – in Dr. Durham's own words – "based on the records that we have, which do not include any of what's been discussed this morning in recent months or even the recent two years for that matter[.]" (R. 295).  Thus, Dr. Durham's presence at the hearing provides no meaningful basis for distinguishing this case from Shinn and does not demonstrate that the ALJ acted reasonably in failing to question the claimant's caregivers thoroughly regarding her at-home episodes of pain.[2]  The Commissioner has failed to meet his burden of demonstrating that his position at the administrative level had a reasonable basis in both fact and law.[3]  The plaintiff is, therefore, entitled to an award of fees

---

[2]  The Commissioner does not address whether the ALJ had a reasonable basis for failing to articulate his reasons for finding the testimony of plaintiff's mother and grandmother to be less than fully credible.

[3]  The court need not decide, accordingly, whether the Commissioner's position in litigating before this court was substantially justified.  The position which must be substantially justified to avoid an award of EAJA fees includes, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."  28

under the EAJA.

The plaintiff seeks fees in the amount of $2,747.15 for 15.8 hours of work at the hourly rate of $173.87. The Commissioner does not challenge the hourly rate but contends that the hours expended by counsel were unreasonable.  The Commissioner compares the brief plaintiff filed in this action (Doc. # 12 at pp. 8-10) with the one she filed before the Appeals Council (R. 258-60) and argues that the ten hours plaintiff's counsel expended in preparing her brief before this court is excessive.  The court disagrees.  Plaintiff's counsel documents that she spent ten hours preparing the brief, which included preparing a statement of facts from the 300 page transcript, which was not included in the brief to the Appeals Council, and conducting legal research. It is true that, as the Commissioner argues, plaintiff's counsel "recycled arguments" were first presented to the Appeals Council.  It does not follow, however, that any of the ten hours plaintiff now claims for preparing a brief was "duplication" of work her attorney performed at the administrative level.  Even if counsel has previously prepared a brief for the Appeals Council, the court expects that lawyer to perform further legal research before filing a brief in this court to determine whether any later cases are relevant to the issues before the court.  There may be circumstances in which the court will find that the time claimed for work before the court is excessive in view of an earlier brief presented to the Appeals Council. However, this is not such a case. The hours expended

---

U.S.C. 2412(d)(2)(D); see also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 159 (1990)("position" of the United States "may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions").

before this court – ten hours on preparing the brief and an additional 5.8 hours on preparing

and reviewing pleadings and correspondence and preparing the present EAJA petition – were

reasonable.

Accordingly, upon consideration of plaintiff's motion for an award of attorney's fees

pursuant to the EAJA, and for good cause, it is

ORDERED that the motion (Doc. # 17) is GRANTED, and the plaintiff is

AWARDED fees in the amount of $2,747.15, payable to plaintiff's attorney, Felice Ann S.

Goldstein, subject to any right of offset the government may have under 31 U.S.C. § 3716

by virtue of a debt plaintiff owes to the United States.[4]

DONE, this 28th day of February, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] See Plaintiff's assignment of EAJA fees, attached to Doc. # 17. Contrary to the Commissioner's argument, the court does not read Astrue v. Ratliff, 130 S.Ct. 2521 (2010) to preclude honoring an assignment of fees to the attorney, subject to the government's right to offset any applicable federal debt owed by the plaintiff.